**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**ZERICK KENTERRIS USRY,**<br><br>    *Defendant.* | **CRIMINAL ACTION NO.**<br>**5:22-cr-00009-TES-CHW-9** |

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION IN LIMINE**

Before the Court is Defendant Zerick Usry's Motion In Limine [Doc. 277] to exclude certain testimony at trial. Specifically, Defendant asks the Court to "prohibit [FBI] Special Agent Amanda Risner, or other government witness[es], from providing testimony at trial that goes beyond interpreting specific drug code words or jargon." [Doc. 277, p. 1].

On February 9, 2022, the Government charged, and a grand jury indicted, Defendant with one count of Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), (vi), and (viii); and 21 U.S.C. § 846. [Doc. 1]. As a part of their investigation, law enforcement officers obtained wiretap warrants and subsequently intercepted phone calls discussing what they believed to be drug deals. [Doc. 277, p. 2]. As a result, Agent Risner swore an affidavit

testifying to some of the intercepted phone calls which led to a search warrant being issued for the premises at 1196 Mimosa Drive, Macon, Georgia. [*Id.*].

In his Motion, Defendant argues that Agent Risner should be precluded from testifying as to her "interpretation of the phone conversations as a whole." [*Id.* at p. 3]. Additionally, Defendant contends that Agent Risner should not be allowed to "interpret ordinary language from the intercepted phone calls." [*Id.*]. Lastly, Defendant argues that if the Government intends to offer Agent Risner as both a lay and expert witness, the Government should "clearly advise the jury whether the agent is testifying based upon her expertise or upon her knowledge of the case." [*Id.* at p. 4].

Defendant primarily relies on *United States v. Hawkins*, which holds that "interpretations of 'conversations as a whole' . . . are not appropriate." 934 F.3d 1251, 1264 (11th Cir. 2019) (citing *United States v. Emmanuel*, 565 F.3d 1324, 1336 (11th Cir. 2019)). Additionally, *Hawkins* instructs that agents should not be permitted to "speculate," or "interpret uncoded, ordinary language." *Hawkins*, 934 F.3d 1251, 1264–65.

In its Response [Doc. 281], the Government argues that these issues are "speculative," and are "not ripe for a decision, and . . . will not become ripe." [1] [Doc.

---

[1] To be clear, the Government asserts that "no agent will be testifying about their interpretation of the intercepted conversations as a whole," that the "case agent will not interpret ordinary language from the intercepted phone calls," and that "no agent will be testifying as both an expert witness and as a lay witness." [Doc. 281, pp. 2–3]. Those are the exact bases of Defendant's Motion.

281, p. 1]. The Government, according to its Response, only intends to call Agent Risner as a lay witness to "explain the investigative steps taken to develop the case." [*Id.*]. The Government also intends to call DEA Special Agent Tyler Vanderburg who will testify as a narcotics expert. [*Id.*]. Therefore, the Government argues that no witness will be testifying as both a lay and expert witness. [*Id.* at p. 3].

The Government also concedes that under *Hawkins*, officers should not be permitted to interpret conversations as a whole. [*Id.* at p. 2]. Instead, the Government argues that Agent Vanderberg will offer testimony regarding "common practices, methods, and techniques used by narcotics dealers along with the typical jargon that is used during these transactions." [*Id.*]. That specific jargon, the Government contends, includes "food-related terms like 'plate,' 'whole plate,' 'ribs,' 'meat,' 'seasoning,' 'ice cream,' and 'cake'" used to "code [Defendant's] conversations." [*Id.*]. The Government asserts, and the Court agrees, interpretation of that type of coded language is permissible under *Hawkins*. *See Hawkins*, 934 F.3d at 1261 (reaffirming that officers may "help juries understand the drug business, codes, and jargon."); *see also United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015); *United States v. Garcia*, 447 F.3d 1327, 1335 (11th Cir. 2006).

In all, both parties—and the Court—essentially agree on the substantive basis for Defendant's Motion. *Compare* [Doc. 277], *with* [Doc. 281]. *Hawkins* is clearly instructive on these matters, and the Court is bound to apply those limitations to this case.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion In Limine [Doc. 277]. The Government's agent-witnesses may not interpret the "conversations as a whole" or offer interpretations of "uncoded, ordinary language" in accordance with *Hawkins*. No agent shall testify as both a lay and expert witness without the Government clearly distinguishing the role and basis of that testimony for the jury. However, the agents may offer insight into the alleged coded language used on the intercepted calls and the basis of that expertise and knowledge.

**SO ORDERED**, this 21st day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**